# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BRENDA MASLINSKI

VERSUS

PATHWAY MANAGEMENT, INC.,
PROVIDENCE CARE, L.L.C., AND
DARLA RODGERS

NO.  2025 CW 1264

**DECEMBER 11, 2025**

In Re:   Clark Bergeron, Dawn Bergeron Walden, Kerwin Schultze, Jr., and Gwendolyn Pontiff, applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 191169.

---

**BEFORE:   THERIOT, PENZATO, AND BALFOUR, JJ.**

**STAY DENIED; WRIT DENIED.**  For a judgment to be a final judgment, it must contain appropriate decretal language, identifying the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded. **Succession of Simms**, 2019-0936 (La. App. 1st Cir. 2/21/20), 297 So.3d 110, 115.  The district court's December 5, 2025 judgment granted motions to dismiss plaintiffs, Clark Bergeron, Dawn Bergeron Walden, Kerwin Schultze, Jr. and Gwendolyn Pontiff, but failed to specify the relief awarded, specifically dismissing the claims of those plaintiffs. Accordingly, once a judgment with proper decretal language is signed, it will constitute a final, appealable judgment, subject to the parties' rights of suspensive and/or devolutive appeal. Moreover, we note that an order of appeal is premature if granted before the court disposes of all timely filed motions for new trial. See La. Code Civ. P. art. 2087(D).

                    MRT
                    AHP
                    KEB

COURT OF APPEAL, FIRST CIRCUIT


_____
DEPUTY CLERK OF COURT
FOR THE COURT